IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEBASTIAN BROWN PRODUCTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. _____ |
| v. | ) ) | **DEMAND FOR JURY TRIAL** |
| MUZOOKA, INC., SHAWN WILSON, CHESTER ALDRIDGE and IVORY OCTAVES, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

### PARTIES

1.      Plaintiff, Sebastian Brown Productions, LLC., is a California limited liability company that owns and operates the online digital media storefront MuZook ® at Internet address muzook.com and operates from offices located in Livermore, CA (hereinafter "MuZook").

2.      Defendant, Muzooka, Inc., (hereinafter "Mzka") is a Delaware corporation with offices at 336 Bon Air Center, Suite 418, Greenbrae, CA 94904.  Mzka operates a business under the alleged trademark MUZOOKA from a website located at the Internet address muzooka.com.

3.      Upon information and belief, Defendant Ivory Octaves, LLC. is a Delaware limited liability company (hereinafter "Octaves"), that filed a certificate of conversion and incorporation with the Delaware Secretary of State and became Muzooka, Inc. as of January 1, 2013, and through Defendant Muzooka, Inc. operates the website muzooka.com.

4.      Defendant Shawn Wilson (hereinafter "Wilson") is an individual and a resident of the State of California, and upon information and belief, is a cofounder, director, and CEO of

Mzka and has personally committed and/or induced the commission of acts of infringement and other tortious activities as detailed below.

5.      Defendant Chester Aldridge (hereinafter "Aldridge") is an individual and a resident of the State of California, and upon information and belief, a cofounder, director and chairman of Mzka and has personally committed and/or induced the commission of acts of infringement and other tortious activities as detailed below.

## JURISDICTION

6.      This Court has subject matter jurisdiction over this action by virtue of:

(a)      The existence of a federal question arising under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1121 and 1125(a), and 28 U.S.C. § 1331 on account of the existence of a question arising under the Constitution, law or treaties of the United States, and 28 U.S.C. § 1338(a) in that this case arises under the trademark laws of the United States.

(b)      The common law unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the trademark laws of the United States, 15 U.S.C. § 1051 et seq.

(c)      The provisions of 28 U.S.C. § 1338(b) in that the related claims arising under the laws of the several States are joined with a substantial and related claim under the trademark laws of the United States, 15 U.S.C. § 1051 et seq.

7.      The Court has personal jurisdiction over Mzka because it is incorporated in this judicial district.

8.      The Court has personal jurisdiction over Octaves because it is a Delaware limited liability company.

9.    The Court has personal jurisdiction over Wilson because he is an officer and director of a Delaware corporation.

10.    The Court has personal jurisdiction over Aldridge because he is an officer and director of a Delaware corporation

11.    Venue is proper under 28 U.S.C. § 1391.

## FACTS APPLICABLE TO ALL COUNTS

12.    Plaintiff, MuZook, has for several years engaged in promoting the production of creative works, and developing an online website to merchandise the same and the works of others.   MuZook has also implemented an artists' collaboration program on its website to promote cooperation among various creative artists, including but not limited to authors, editors, publishers, songwriters, singers, music producers, composers, lyricists, engineers, arrangers, musicians, illustrators, animators, directors, screenwriters, copywriters, videographers, filmmakers, file editors, agents, managers, studios and live concert venues (hereinafter defined as the "Artist Community") to generate multimedia properties which it is planning to offer for sale on muzook.com for use in connection with its Zook App Reader, currently under development and nearing Beta completion for the Apple® Ipad®.

13.    MuZook works with partner companies, including Iron Toad Records, LLC and Quipster Animation, Inc. which implement some of its projects.   Exhibit A.   Each of these partner companies has a unique focus and demographic, but all operate with the end goal of allowing readers, viewers and listeners to enjoy, inter alia, a new and unique art form in multi-media books,  multi-media audio, and/or audiovisual works. Planned and/or implemented works include interactive and non-interactive ebooks, multi-media musical LPs, Eps, and single

releases, music videos, short films, feature films, animated short and feature films together with streaming live audio and video and recorded audio and video.

14.     Through its storefront at Internet address muzook.com, Plaintiff advertises and sells audio and audiovisual artistic works of entertainment in the form of downloadable music and videos and books.

15.     Plaintiff 's MuZook® storefront, operating from the website muzook.com, also offers collaboration services to the Artist Community to help members to collaborate with others to make literature, music, video, movies, soundtracks, e-books, concerts and other forms of entertainment.  MuZook, with its Oscar and Grammy winning team members and partnering companies, offers to review submitted materials and make them available to potential collaborators and facilitate the completion of e-books, multimedia, video and audio projects.  In addition, Muzook has begun discussions with various learning institutions for collaborative efforts to aid their students by participation in the generation of new and unique patent pending multimedia products while providing invaluable experience to both the student and the developer of the intellectual property.

16.     MuZook is the owner of a pending trademark application and an issued trademark registration for the trademark MUZOOK (hereinafter "the Mark").  Both of these properties stem from a common intent to use the trademark application filed with the United States Patent and Trademark Office, granting trademark rights as of September 12, 2011, when the Mark was filed and became publically of record as being the property of MuZook's predecessor in interest. Such application claimed trademark rights in the Mark for collaboration services and multimedia products, more particularly "Collaboration services; collaboration services delivered over the Internet and/or over another publicly accessible network; collaboration services for enabling

persons such as writers, musical artists and illustrators to collaborate with each other over a publicly accessible network; collaboration services for enabling persons such as writers, musical artists and illustrators to collaborate with each other to create works incorporating multiple media elements such as narrative textual content, music and illustrations in works of fiction and non-fiction; collaboration tools for enabling persons such as writers, musical artists and illustrators to collaborate with each other to create works incorporating multiple media elements such as narrative textual content, music and illustrations in works of fiction and non-fiction, namely email services and/or informational services; downloads of applications for reading works incorporating multiple media elements such as narrative textual content, music and illustrations in works of fiction and non-fiction for electronic devices such as smartphones, computers, e-readers, and iPads (TM); collaboration services for enabling persons such as writers, musical artists and illustrators to collaborate with each other over a publicly accessible network to compose e-books; and works incorporating multiple media elements such as narrative textual content, music and illustrations in works of fiction and non-fiction for electronic devices such as smartphones, computers, e-readers, and iPads (TM)."

17.     Muzook encourages the Artist Community to submit individual projects for consideration by MuZook's award winning team of professionals for the creation of their own multi-media productions in the form of its patent pending multimedia product structure as well as conventionally-structured music and film productions.

18.     MuZook has used the Mark, MuZook, in connection with MuZook's internet presence and its downloadable products and in its business promotion activities.

19.     MuZook has further used to Mark in connection with its collaboration services, namely, telecommunication access services which allow parties to view, adapt, and share

materials such as narrative textual content, music and illustrations in works of fiction and non-fiction to enable persons such as writers, musical artists and illustrators to collaborate with each other within or across disciplines to compare work over a publicly accessible network to compose e-books and works incorporating multiple media elements such as narrative textual content, music and illustrations in works of fiction and non-fiction for electronic devices such as smartphones, computers, e-readers, touchscreen computers, and tablets, for which it has filed a statement of use in the United States Patent and Trademark Office.

20.     Such statement of use has been accepted by the United States Patent and Trademark Office, and MuZook has been issued U. S. Trademark Reg. No. 4,419,977, granting trademark rights as of September 12, 2011, when the Mark became publically of record as being the property of MuZook's predecessor in interest.  Such predecessor has assigned all rights in the Mark to MuZook.

21.     In addition to use in relation to collaboration services, MuZook has used the Mark in connection with offering products for sale, namely, works incorporating multiple media elements such as narrative textual content, music and illustrations in works of fiction and non-fiction for electronic devices such as computers.  Exhibit B.

22.     Plaintiff communicates with its fan base and prospective viewers/listeners through the MuZook website. Plaintiff utilizes the Google Wallet service to accept purchase orders and payment through the MuZook.com website and then provides the buyer, by email, with an internet hyperlink by which to download the purchased electronic copy of the product.

## MuZook Federal Trademark Registrations and Applications

23.     MuZook is the assignee of United States Trademark Application Serial No. 85420834 directed to the trademark MUZOOK filed on September 12, 2011, for use in international class 038.  Exhibit C.

## Defendants' Activities

24.     Defendants offer a dedicated mobile app (called Muzooka) through Apple's iTunes storefront. Defendants' website and mobile app both allow users to stream audio works in the form of music playlists or individual tracks from participating artists and offers "interactive capabilities" for sharing one's listening activity through social media.  The Muzooka service also allows users to browse artist biographies and view art in connection with those biographies. Defendants allow for the purchase of select tracks through their service.  Defendants operate a Twitter handle, a Facebook account, and a Tumblr account in connection with their product and currently advertise and offer their products under the confusingly similar trademark "Muzooka" in violation of the trademark rights of Plaintiff.

25.     Plaintiff recently became aware that as of at least March 11, 2013, Defendants began using the infringing trademark MUZOOKA (the "Infringing Designation") in connection with the advertising and distribution of its online service and mobile application.  Defendants' website, hosted at Internet address muzooka.com, allows visitors to utilize a streaming interface to access a service "that brings artists, the world's top producers and music lovers together in one place," and displays the Infringing Designation in connection with the presentation of streaming audio. Exhibit D; Exhibit E.

26.     Defendants' mobile application, available for download through the iTunes App Store, provides a dedicated mobile version of the streaming audio service and includes

interactive elements and artwork, including in the biographies of artists and in its inclusion of social media sharing features.  Exhibit F.  Like MuZook, Defendants have implemented the use of MUZOOKA in connection with an online music distribution service and storefront, and in providing an online forum through the use of social media, including a Twitter account, a Facebook account, and a Tumblr account.

27.     Defendants' Twitter account, as of June 26, 2013, had 2,028 followers and has "tweeted" 953 times.  Exhibit G.  Defendants published their first tweet on January 10, 2012. Exhibit H.

28.     Defendants' Facebook account, as of June 26, 2013, has 2,570 "likes," or self-admitted fans.  Exhibit I.  The page's description claims that part of the company's mission is "to bring new (like, really really new) music to the masses" and "to make new music discovery a fun and addictive social media game."  Exhibit J.

29.     Defendants have filed for a United States trademark registration directed to the trademark MUZOOKA for the proliferation of software and electronic transmission of entertainment media, including the streaming of audio, video, and audiovisual material on the Internet.  This application, Serial No. 85499369, received a notice of allowance from the USPTO on October 16, 2012.  Exhibit K, Exhibit L.

30.     Upon information and belief, Defendants are now using the alleged trademark MUZOOKA in various contexts and forms, which constitute derivatives, and/or colorable imitations of Plaintiff's Mark in direct competition with Plaintiff.  Upon information and belief, Defendants are now using the trademark, derivative, and/or colorable imitations of Plaintiff's Mark in connection with the proliferation of software and the distribution of electronically-delivered media, including audio, visual, and audiovisual works, in a manner that is likely to

cause confusion or mistake or to deceive purchasers as to the source of origin of Defendants' products and services, and Defendants intend to profit and be unjustly enriched by such infringement of Plaintiff's mark.

31.     As a direct and proximate result of these acts of unfair competition, trademark infringement and false designation of origin, Plaintiff will sustain irreparable damage and financial damage to its business, goodwill, reputation and profits. Defendants intend to dilute the distinctive quality of MuZook's trademark.

## Actual Confusion and Free-Riding Under Infringing Designations

32.     Upon information and belief, followers and visitors to Plaintiff's website and members of the general public have been confused by the use of the Infringing Designation "Muzooka" by Defendant.

33.     Upon information and belief, actual confusion will result from the use of the Infringing Designation on Defendants' website and mobile app, both of which claim to offer new music and interactive experiences to users.

34.     The use of the Infringing Designation constitutes a misrepresentation of origin and an unfair tactic by Defendants to confuse members of the public into believing that the Defendants are associated with Plaintiff.  Upon information and belief, such infringing activities have caused members of the public to follow Defendants on Twitter, Facebook, and Tumblr and will cause confusion as to the origin of any products bearing the Infringing Designation.

35.     Defendants' actions, by virtue of their using the Infringing Designation, have resulted and will continue to result in actual confusion and in actual damage to Plaintiff.

36.     Defendants' actions have deliberately misled and will continue to mislead Plaintiff's potential customers, as well as the public at large, to believe, contrary to fact, that

Defendants are associated with Plaintiff and that Defendants' services are marketed, sponsored, or endorsed by, or affiliated with, Plaintiff.  Defendants have consciously taken advantage of the confusingly similar and identical nature of the Infringing Designation to the Mark to build their business.  Defendants are unfairly competing with Plaintiff by trading on and disparaging Plaintiff's goodwill symbolized by its Mark.

37.    Such confusion has resulted from willful and intentional plans implemented by Defendants to cause confusion and benefit from the goodwill associated with Plaintiff.

38.    Defendants' actions have caused and will continue to cause Plaintiff irreparable injury unless enjoined by this Court.

## COUNT ONE

## UNFAIR COMPETITION

39.    As a cause of action and ground for relief, Plaintiff realleges and incorporates by reference paragraphs 1 through 38 of this complaint as a part of this Count.

40.    Defendants misappropriated Plaintiff's goodwill associated with the Mark, using the Infringing Designation "MUZOOKA" for Defendants' own competitive advantage.

41.    Defendants are willfully planning to misappropriate and/or are misappropriating Plaintiff's Mark for Defendants' own commercial advantage. Defendants plan to use Plaintiff's property and benefit from such use.

42.    Such infringing use of the Infringing Designation "MUZOOKA" has irreparably injured and continues to irreparably injure Plaintiff.

43.    Plaintiff will suffer damage and Defendants will be unjustly enriched in amounts at present uncertain by said complained of acts by Defendant.  Defendants will continue to deceive the public, impair the value of Plaintiff's Mark and otherwise will cause Plaintiff

immediate and irreparable harm. Plaintiff is entitled to an injunction enjoining Defendants from using Plaintiff's Mark and other designations of origin.

## COUNT TWO

## INFRINGEMENT OF COMMON-LAW TRADEMARK RIGHTS

44.     As a cause of action and ground for relief, Plaintiff realleges and incorporates by reference paragraphs 1 through 43 of this complaint as a part of this Count.

45.     Plaintiff's services, provided under the Trademark, have been offered consistently and continuously since the filing of the Mark and continue to be extensively performed by Plaintiff online.

46.     Plaintiff derives substantial benefits from the Mark.

47.     Defendants' acts are a false description and representation that Defendants' services are furnished by, sponsored by and/or affiliated with Plaintiff.  Said acts constitute common law trademark infringement, passing off and free-riding, and are in violation of the unfair competition law of the several states in that Defendants have used, in connection with goods and/or services, a false designation of origin and a false description and representation including words likely to confuse the public.

48.     By such actions Defendants have damaged and will continue to damage Plaintiff.

## COUNT THREE

## FEDERAL UNFAIR COMPETITION – LANHAM ACT SECTION 43

49.     As a cause of action and ground for relief, Plaintiff realleges and incorporates by reference paragraphs 1 through 48 of this complaint as a part of this Count.

50.     Plaintiff, prior to the acts complained of herein, has been and is now engaged in interstate commerce by virtue of the ongoing provision of services under the Mark.

51.     The aforesaid acts of Defendants constitute unfair competition and passing off, and are likely to cause the trade and the public to erroneously believe that Defendants' products and services originate with and/or are guaranteed by the Plaintiff, or otherwise associated with Plaintiff.  Said acts are in violation of 15 U.S.C. § 1125(a) in that Defendants have used, in connection with goods and services, a false designation of origin and a false description and representation, including words, reproductions and other symbols tending falsely to describe or represent the same and has caused such services to enter into interstate commerce.

52.     Such acts have injured and continue to injure Plaintiff's business reputation and dilute or otherwise injure or destroy the distinctive character of Plaintiff's Mark and the quality of Plaintiff's reputation associated with its Mark, all to Plaintiff's substantial, irreparable harm. As a result, Plaintiff is entitled to injunctive relief from this court under 15 U.S.C. § 1125(c)(1).

53.     By reason of the acts of Defendants alleged herein, Plaintiff has been damaged and, unless restrained, Defendants have and will continue to confuse and deceive the public, impair the value of Plaintiff's Trademark and otherwise cause Plaintiff immediate and irreparable harm.

54.     Defendants are liable to Plaintiff for violation of 15 U.S.C. § 1125(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

(a)     This Court grant and enter judgment that the rights of Plaintiff are valid at law and infringed by Defendants and that Defendants and all persons acting in concert with them be preliminarily and finally enjoined from using the Infringing Designation and otherwise infringing upon the Mark and goodwill of Plaintiff.

(b)     Defendants be required to account for any and all profits and funds collected or otherwise derived by Defendants from their activities, as well as all damages sustained by the Plaintiff by reason of Defendants' use of the Infringing Designation "MUZOOKA" and unfair competition herein alleged.

(c)     A preliminary and final order enjoining Defendants from (i) using the Mark and confusingly similar designations and terms derived therefrom or confusingly similar thereto, (ii) using the Infringing Designation and terms derived therefrom or confusingly similar thereto, and (iii) mimicking Plaintiff's Mark in its advertisements, Twitter accounts, Tumblr accounts, Facebook accounts, websites and otherwise.

(d)     A preliminary and final order requiring that all documents, electronic documents, websites, Twitter accounts, Tumblr accounts, Facebook accounts, YouTube accounts, materials, labels, signs, products, packages, wrappings, receptacles, advertisements, apparel, merchandise, and other business and promotional materials and products in Defendants' possession or control bearing the Infringing Designation or other infringing designations of origin or any reproduction, counterfeit, or copy thereof (including all literature, server copies, uploaded copies, video recordings, audio recordings, publications, contacts, information and other materials embodying the infringing activity forming the subject matter of this complaint), and all electronic files and other means of making the same shall be removed from the Internet and delivered up and destroyed.

(e)     An order that all Internet traffic to the Muzooka website, Twitter account, Tumblr account, Facebook account, YouTube account, and any other website or social media account be directed to a web page to be designated by Plaintiff.

(f)      An order that the Defendants transfer and assign any domain name bearing the Mark or Infringing Designation, and any other similar domain names to Plaintiff.

(g)      An order that any and all of Defendants' trademark applications and registrations to the Infringing Designation and the Mark or confusingly similar terms be expressly abandoned.

(h)      Plaintiff be awarded actual damages and punitive damages, and that such damages be trebled, and that costs of this action be assessed against Defendant.

(i)      Plaintiff has such other and further relief as is just, including costs and attorneys' fees.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff MuZook, Inc. hereby demands a jury trial of any and all issues in this action so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Regina Murphy*
Julia Heaney (#3052)
Regina Murphy (#5648)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jheaney@mnat.com
rmurphy@mnat.com

*Attorneys for Plaintiff Sebastian Brown Productions, LLC*

OF COUNSEL:

Anthony H. Handal
HANDAL & MOROFSKY, LLC
501 Kings Highway East
Fairfield, CT  06825
(917) 880-0811

January 6, 2014
7800176.2