UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEBASTIAN BROWN PRODUCTIONS, LLC,<br><br>              Plaintiff,<br><br>      v.<br><br>MUZOOKA, INC., et al.,<br><br>              Defendants. | Case No. 15-CV-01720-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 37 |

Plaintiff Sebastian Brown Productions, LLC ("Plaintiff") sued Defendants Muzooka, Inc. ("Muzooka"), Shawn Wilson ("Wilson"), Chester Aldridge ("Aldridge") and Ivory Octaves, LLC ("Ivory Octaves") (collectively, "Defendants") for unfair competition and trademark infringement under federal and state law. ECF No. 1 ("Compl."). Before the Court is Defendants' motion to dismiss. ECF No. 37. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS in part and DENIES in part Defendants' motion to dismiss.

## I. BACKGROUND

### A. Factual Background

#### 1. Plaintiff's Business

Plaintiff is a California limited liability company headquartered in Livermore, California. Compl. ¶ 1. Plaintiff owns and operates the digital media storefront MuZook at muzook.com. *Id.* Plaintiff aims to create "a new and unique art form in multi-media books, multi-media audio, and/or audiovisual works," including ebooks, multi-media songs, short films, and music videos. *Id.* ¶ 13. Through muzook.com, Plaintiff advertises and sells downloadable music, videos, and books, including works of fiction and non-fiction incorporating "narrative textual content, music, and illustrations." *Id.* ¶¶ 14, 21. Additionally, muzook.com has "an artists' collaboration program . . . to promote cooperation among various creative artists" in making "literature, music, video, movies, soundtracks, e-books, concerts and other forms of entertainment." *Id.* ¶¶ 12, 15.

Plaintiff claims ownership of the service mark "MUZOOK," based on one pending trademark application and one issued trademark registration. *Id.* ¶ 16. Both properties stem from a common intent-to-use ("ITU") application for "MUZOOK" filed on September 12, 2011 by the individual J. Michael Miller ("Miller"). *Id.*; ECF No. 47 (Defendants' Request for Judicial Notice, or "RJN"), Exs. A-B. The ITU application sought to register "MUZOOK" for, among other similar services, "[c]ollaboration tools and services, namely telecommunication access services allowing parties to view, listen to, adapt, and share materials." RJN Ex. A.

On August 30, 2013, the U.S. Patent and Trademark Office ("PTO") granted a request to divide the ITU application into a "parent" application, serial number 85420834, and a "child" application, serial number 85980000. *Id.* Exs. A-B. The parent application encompasses the original ITU application, and thus seeks to register "MUZOOK" for a range of similar "[c]ollaboration tools and services." *Id.* Ex. A. By contrast, the child application seeks to register "MUZOOK" for narrower services, including "[c]ollaboration services, namely, telecommunication access services which allow parties to view, adapt, and share materials such as narrative textual content, music and illustrations in works of fiction and non-fiction." *Id.* Ex. B.

2

Case No. 15-cv-01720-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Miller filed a statement of use in the child application, which the PTO accepted on September 11, 2013. *Id.* Accordingly, the PTO issued U.S. Trademark Registration Number 4,419,977 for "MUZOOK" for the services claimed in the child application on October 15, 2013 (the "Registered Mark"). The first use in commerce of the Registered Mark was recorded as of August 14, 2013. *Id.* Miller has not assigned the Registered Mark and remains its owner. *Id.*

On the other hand, Miller assigned the interest in the parent application to Plaintiff on November 25, 2013. *Id.* Ex. A. Plaintiff has not filed a statement of use for the parent application, and thus the parent application remains pending (the "Pending Mark"). *Id.* The PTO has granted five extensions of time for Plaintiff to file a statement of use. *Id.* However, Plaintiff has allegedly used the Pending Mark—along with the Registered Mark—in connection with Plaintiff's Internet presence and business promotions. Compl. ¶ 18.

**2. Defendant's Business**

Defendant Muzooka is a Delaware corporation and the successor to Ivory Octaves. Compl. ¶¶ 2-3. Defendants Wilson and Aldridge are cofounders, directors, and officers of Muzooka. *Id.* ¶¶ 4-5. Defendants operate the website muzooka.com as well as a dedicated mobile app called Muzooka. *Id.* ¶¶ 2, 24. The website and mobile app allow users to stream audio in the form of music playlists or individual tracks, and offer "interactive capabilities" for sharing listening activity through social media. *Id.* ¶ 24. The website and app also allow users to browse artist biographies, view art in connection with those biographies, and purchase select tracks. *Id.* Additionally, Defendants operate "Muzooka" Twitter, Facebook, and Tumbler accounts in connection with the website and mobile app. *Id.*

Muzooka filed for the trademark and service mark "MUZOOKA" (the "Muzooka Mark") on December 19, 2011. ECF No. 46-1, Ex. D.[1] Muzooka first used the Muzooka Mark in

---

[1] Defendants do not include the Muzooka Mark registration in their request for judicial notice, *see* ECF No. 47, but attach a copy to their reply brief, ECF No. 46-1 Ex. D. The registration is a matter of public record, and "[i]n deciding whether to dismiss a claim under Fed. R. Civ. P. 12(b)(6), a court may look beyond the plaintiff's complaint to matters of public record." *See Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

3
Case No. 15-cv-01720-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

commerce in December 2011. *Id.* The PTO registered the Muzooka Mark on December 10, 2013, as U.S. Trademark Registration Number 4,448,314. *Id.* The Muzooka Mark is registered for, among other services, "computer software for use in the delivery, distribution and transmission of digital music and entertainment-related audio, video, text and multimedia content." *Id.*

**B. Procedural History**

On January 6, 2014, Plaintiff filed this suit in the U.S. District Court for the District of Delaware. ECF No. 1. In the complaint, Plaintiff alleges that Defendants have used the Muzooka Mark in direct competition with Plaintiff since at least March 11, 2013. *Id.* ¶¶ 25, 30. According to Plaintiff, Defendants' use of the Muzooka Mark in connection with "the distribution of electronically-delivered media, including audio, visual, and audiovisual works" and the offering of "new music and interactive experiences to users" is "likely to cause confusion or mistake or to deceive purchasers as to the source of origin of Defendants' products and services." *Id.* ¶¶ 30, 33. On that basis, Plaintiff asserts three causes of action: (1) unfair competition; (2) infringement of common-law trademark rights; and (3) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). *Id.* ¶¶ 39-54. Plaintiff seeks damages and the disgorgement of profits, as well as an order enjoining Defendants' use of the Muzooka Mark and requiring the destruction of materials bearing the Muzooka Mark. *Id.* at 12-13.

Plaintiff filed an executed summons for Muzooka on January 8, 2014. ECF No. 5. Plaintiff filed executed summonses for the remaining defendants on February 25, 2014. ECF Nos. 6-8. On June 5, 2015, after no appearance by Defendants, Plaintiff moved for entry of default. ECF No. 10. On June 6, 2014, the Delaware district court entered default as to all defendants. ECF No. 11. The parties then stipulated to set aside the entry of default, which the Delaware district court granted on June 11, 2014. ECF No. 12. On March 30, 2015, the Delaware district court concluded that it lacked personal jurisdiction over the individual defendants and transferred the case to the U.S. District Court for the Northern District of California. ECF No. 27.

On April 16, 2015, the Court issued a case management scheduling order. ECF No. 29. On July 6, 2015, Defendants Muzooka, Aldridge, and Wilson filed the instant motion to dismiss.

4

1  ECF No. 37 ("Mot."). Plaintiff opposed the motion on July 20, 2015. ECF No. 45 ("Opp."). On

2  July 27, 2015, the three defendants replied and filed a request for judicial notice. ECF No. 46;

3  RJN.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Rule 12(b)(5) Service of Process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural

5

Case No. 15-cv-01720-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (3d ed. 2002 & Supp. 2003)). "[N]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (brackets omitted).

Federal Rule of Civil Procedure 4(e) governs service of individuals within a judicial district of the United States. Fed. R. Civ. P. 4(e). Pursuant to that rule, service may be effectuated by "following state law for servicing a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made." *Id.* Rule 4(e) permits three additional methods of service: (1) delivering copies of the summons and complaint to the individual personally; (2) leaving copies of the summons and complaint at the individual's dwelling; and (3) delivering copies of the summons and complaint to an agent authorized to receive service. *Id.*

**C. Leave to Amend**

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## III. DISCUSSION

Defendants contend that Ivory Octaves must be dismissed because Ivory Octaves does not exist. Defendants also contend that Wilson and Aldridge must be dismissed because of insufficient service of process. Defendants further contend that the complaint should be dismissed as to all defendants for failure to state a claim. The Court addresses these arguments in turn.

### A. Ivory Octaves

Defendants argue that no plausible claim for relief can be stated against Ivory Octaves because the company is no longer in operation. Mot. at 7. In the complaint, Plaintiff acknowledges that Ivory Octaves "filed a certificate of conversion and incorporation with the Delaware Secretary of State and become Muzooka, Inc. as of January 1, 2013." Compl. ¶ 3. In the opposition, Plaintiff abandons any claim against Ivory Octaves as a separate entity, and notes that "Ivory Octaves, LLC and Muzooka are one and the same." Opp. at 10. Accordingly, the Court GRANTS Defendants' motion to dismiss all claims against Ivory Octaves with prejudice.

### B. Service of Process

On January 6, 2014, Plaintiff filed this suit in the U.S. District Court for the District of Delaware. ECF No. 1. Under the Federal Rules of Civil Procedure, Plaintiff then had 120 days, or until May 6, 2014, to serve Defendants. *See* Fed. R. Civ. P. 4(m). According to Defendants, Plaintiff has not yet properly served Wilson or Aldridge. Mot. at 8. Defendants do not dispute that Muzooka was properly served.

Plaintiff counters that Wilson and Aldridge were served on February 25, 2014. ECF No. 6, 8. Specifically, Plaintiff contends that Plaintiff "deliver[ed] a copy of [the summons and the complaint] to an agent authorized by appointment or by law to receive service of process" for Wilson and Aldridge. *See* Fed. R. Civ. P. 4(e)(2)(C). Plaintiff relies on the executed summonses for Wilson and Aldridge filed with the Court. ECF Nos. 6, 8. Each summons provides that the summons was served on "Stewart Permar, the UPS Store, who is designated by law to accept

service of process *on behalf of Muzooka, Inc.*" ECF Nos. 6, 8 (emphasis added). However, these summonses plainly fail to comply with Rule 4(e)(2)(C). Nowhere do the summonses—or any other allegations by Plaintiff—indicate that Permar was authorized to accept service for Wilson or Aldridge. *See* ECF Nos. 6, 8;[2] *see also Brockmeyer*, 383 F.3d at 801 (noting plaintiff bears the burden of establishing proper service).

Rather than defend the summonses' compliance with Rule 4, Plaintiff argues that the Court should excuse the delay and set a date for proper service.[3] Opp. at 11-12. The Court "must extend time for service upon a showing of good cause" by Plaintiff. *Crowley*, 734 F.3d at 976. In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Additionally, "a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). Further, "[a] defendant's affirmative actions, which frustrate service, may constitute good cause for failure to effect timely service . . . ." *Hearst v. West*, 31 Fed. App'x 366, 368 (9th Cir. 2002).

The first two factors that courts may consider in evaluating good cause are clearly met in

---

[2] The Court does not rely on Wilson's and Aldridge's declarations, submitted only in support of Defendants' first motion to dismiss in the U.S. District Court for the District of Delaware, that neither of them authorized Permar to accept service. *See* Mot. at 2 (citing Wilson and Aldridge declarations). This Court may not "look beyond the plaintiff's complaint" to matters outside the pleadings, unless the Court refers to judicially noticeable facts or matters of public record. *Shaw*, 56 F.3d at 1129 n. 1; *Shwarz*, 234 F.3d at 435. Defendants did not request judicial notice of these declarations, nor do Defendants argue that the declarations are matters of public record. *See* Mot. at 2. Accordingly, it is improper for this Court to consider the declarations of Wilson and Aldridge in ruling on Defendants' motion to dismiss.

[3] On October 8, 2015, Plaintiff filed two additional summonses with the Court, one each for Wilson and Aldridge. ECF Nos. 53-54. The new summonses indicate that Plaintiff left a copy of the summons, complaint, and additional Court filings with an associate at the law firm representing Defendants. ECF Nos. 53-54. It is not clear whether Wilson or Aldridge authorized this associate to accept service on their behalves. Plaintiff does not point to any provision of Rule 4, or to Delaware or California state law, that permits service in this manner. Accordingly, this Order expresses no opinion on whether Wilson and Aldridge have been properly served as of the time of this Order.

this case.  First, Wilson and Aldridge have long had actual notice of the lawsuit.  Second, Defendants do not argue that any prejudice would result from permitting service.  Both individuals joined the June 10, 2014 stipulation to set aside the entry of default in the U.S. District Court for the District of Delaware.  ECF No. 12.  That stipulation states that the parties, including Wilson and Aldridge, began settlement discussions on February 12, 2014.  *Id.*  Additionally, Wilson and Aldridge have actively litigated the case by filing a motion to transfer venue and multiple motions to dismiss, including the instant motion to dismiss.  *See* ECF Nos. 13, 37; *see also Cox v. Cnty. of Yuba*, No. 2:09-CV-01894-MCE-JFM, 2011 WL 590733, at *6 (E.D. Cal. Feb. 10, 2011) (noting lack of prejudice when the delay in service does not impact the defendants' ability to adequately defend their positions).

However, the third good-cause factor is not met.  Plaintiff does not assert that Plaintiff will suffer any prejudice from dismissal of this action, let alone be "severely prejudiced."  *See In re Sheehan*, 253 F.3d at 512.  Moreover, Plaintiff offers no reason to excuse Plaintiff's facially improper service.  *See id.* (noting good cause requires "*excusable* neglect" (emphasis added)).  Plaintiff does not explain why Plaintiff was able to engage in discussions with Defendants' counsel and yet unable to serve Wilson and Aldridge.  *See Joe Hand Promotions, Inc. v. McInnis*, No. 10-CV-01614-LHK, 2010 WL 3366413, at *1 (N.D. Cal. Aug. 25, 2010) (finding no good cause shown when the plaintiff fails to explain why the plaintiff could serve defendants with a Clerk's notice but not the summons and complaint).  Although Plaintiff claims that Defendants' counsel refused to provide Wilson's and Aldridge's addresses to Plaintiff, Plaintiff did not request those addresses until July 6, 2015—two months after the deadline for service under Rule 4(m).  *See* ECF No. 45-1 (Declaration of Anthony H. Handal).  Thus, Plaintiff has failed to establish good cause.

Absent good cause, courts have discretion "to extend the time for service or to dismiss the action without prejudice."  *In re Sheehan*, 253 F.3d at 513.  The Ninth Circuit has not set forth specific factors to consider in making discretionary determinations under Rule 4(m).  *Id.*  However, the Ninth Circuit has noted that "a district court may consider factors like a statute of

9

Case No. 15-cv-01720-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). Courts may also consider whether the plaintiff has substantially complied with the service requirements. *Joe Hand Promotions, Inc.*, 2010 WL 3366413, at *1.

Although Plaintiff has not established good cause, the Court exercises its discretion to grant an extension of the time for service. As noted, Wilson and Aldridge have actual notice of the lawsuit, and have had such notice since at least February 2014. *See* ECF No. 12. Defendants claim no prejudice from the delay. *See generally* Mot. at 8. Moreover, Plaintiffs have attempted service on Wilson and Aldridge. *See* ECF Nos. 6, 8. Additionally, there is no dispute that Muzooka was properly served. Plaintiff asserts the same claims against Muzooka, Wilson, and Aldridge; thus, adjudicating the claims together will promote judicial efficiency. Therefore, the Court finds that an extension of service will best serve the interests of the "just, speedy and efficient disposition" of Plaintiff's claims. *See Full Circle Sales, Inc. v. Organic Alliance, Inc.*, No. 10-CV-01615-LHK, 2010 WL 3324707, at *1 (N.D. Cal. Aug. 20, 2010) (granting extension of time for service when one defendant had actual notice and settlement discussions were ongoing). Accordingly, the Court DENIES Defendants' motion to dismiss Wilson and Aldridge for insufficient service of process and hereby ORDERS Plaintiff to properly serve Wilson and Aldridge within thirty (30) days of this Order. Service should include the summons, complaint, initial case management order, and any supplemental filings required by Civil Local Rule 4-2. No further extensions shall be granted.

**C. Failure to state a claim**

Defendants offer two reasons to dismiss the complaint for failure to state a claim: (1) the complaint impermissibly lumps all the defendants together such that no defendant is on notice of the claims against it; and (2) Plaintiff fails to sufficiently plead a violation of federal or state law. The Court addresses these arguments in turn.

**1. Impermissible Lumping of Defendants**

Defendants argue that the complaint "fails to provide fair notice to Defendants of the

10
Case No. 15-cv-01720-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

claims being asserted against them as the Complaint merely alleges wrongdoing against 'Defendants' without specifying which Defendant may have committed the act. Each Defendant is entitled to know the specific acts or omissions which it must defend." Mot. at 4 (citation omitted). Defendants further argue that the complaint attributes the conduct of "Defendants" to Wilson and Aldridge "without providing any reason or basis for lumping Defendants together or specifying individual wrongful conduct," or offering any allegations "to support piercing the corporate veil of Muzooka." *Id.* at 5. Plaintiffs counter that Wilson and Aldridge share liability for Muzooka's trademark infringement because Wilson and Aldridge had control of Muzooka and "infringed or induced infringement" of Plaintiff's trademark. Opp. at 9-10.

As a general rule, when a pleading fails "to allege what role each Defendant played in the alleged harm," this "makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, No. 14-CV-02147-LHK, 2015 WL 5118509, at *10 (N.D. Cal. Aug. 31, 2015) (quoting *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011)). Accordingly, a complaint which "lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)." *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996) (citing *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988)). A plaintiff "must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *In re iPhone*, 2011 WL 4403963, at *3. Put another way, a plaintiff's allegations must "provide sufficient notice to all of the Defendants as to the nature of the claims being asserted against them," including "what conduct is at issue." *Villalpando v. Exel Direct Inc.*, No. 12-CV-04137 JCS, 2014 WL 1338297, at *5 (N.D. Cal. Mar. 28, 2014).

Construing the pleadings in the light most favorable to Plaintiff—as the Court must in ruling on a motion to dismiss, *see Manzarek*, 519 F.3d at 1031—the Court finds that the complaint does not impermissibly lump Defendants together in stating claims for direct infringement and unfair competition. Viewed favorably, Plaintiff alleges that Wilson and Aldridge, while directors

11
Case No. 15-cv-01720-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

and officers of Muzooka, committed the acts of infringement described in the complaint. Compl. ¶¶ 4-5. In other words, the complaint alleges that "Defendants"—including Wilson, Aldridge, and Muzooka—used the allegedly infringing Muzooka Mark, including by operating muzooka.com and the Muzooka Twitter, Facebook, and Tumbler accounts. *Id.* ¶¶ 24-31. The Court finds that such allegations "provide [Muzooka, Wilson, and Aldridge] sufficient notice as to the nature of the claims asserted," including "what conduct is at issue." *See Villalpando*, 2014 WL 1338297, at *5. *Compare Adobe Sys. Inc.*, 2015 WL 5118509, at *10 (finding complaint provided sufficient notice when allegations were "that all the Defendants infringed Adobe's trademarks and copyrights, and that Blue Source specifically sold infringing products"), *with Gen-Probe*, 926 F. Supp. at 960 (finding complaint did not provide sufficient notice when it was unclear which claims applied to which defendants).

      Moreover, Wilson and Aldridge may be held liable for acts of trademark infringement that they committed, even if the infringement was for the benefit of Muzooka. *See Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823-24 (9th Cir. 1996) (finding that individuals that formed a corporation with an infringing name were liable under the Lanham Act for using in commerce a name which is likely to confuse). "[A] corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." *Id.* (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985)); *see also Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999) (finding corporate officer liable for making an actionable statement under the Lanham Act); *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 149 (4th Cir. 1987) ("A corporate official may be held personally liable for tortious conduct committed by him, though committed primarily for the benefit of the corporation. This is true in trademark infringement and unfair trade practices cases."). Accordingly, the Court declines to dismiss the complaint on the grounds that Plaintiff improperly lumps the defendants together in the allegations about Defendants' infringement of Plaintiff's trademark rights.

      While the Court finds the complaint itself does not impermissibly lump Defendants

12

Case No. 15-cv-01720-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

together, Plaintiff's opposition to the motion to dismiss does impermissibly lump Defendants together. In response to Defendants' argument, Plaintiff asserts that Wilson and Aldridge share liability with Muzooka because each defendant committed acts of infringement *and* because Wilson and Aldridge have contributory or vicarious liability for inducing infringement of Plaintiff's trademark. Opp. at 9-10. However, the claims for relief do not differentiate between inducers (Wilson and Aldridge) and non-inducers (presumably, Muzooka). *See* Compl. ¶¶ 39-54. In fact, the claims for relief do not refer to inducement at all. *See id.* (noting "Defendants have *used*, in connection with goods and/or services, a false designation of origin . . ." (emphasis added)). Moreover, there are no factual allegations about inducement in the complaint, save for the conclusory allegation that Wilson and Aldridge "personally committed and/or induced the commission of acts of infringement." *See id.* ¶¶ 4-5. Instead, the factual allegations—like the claims for relief—allege only acts of direct infringement of Plaintiff's trademark rights. *See id.* ¶¶ 24-31. Accordingly, if Plaintiff does intend to state a claim for secondary liability, Plaintiff impermissibly lumps Defendants together. *See Gen-Probe*, 926 F. Supp. at 960 (finding complaint did not provide sufficient notice when it was unclear which claims applied to which defendants).

Consequently, the Court GRANTS Defendants' motion to dismiss to the extent that the complaint states a claim for inducing infringement of Plaintiff's trademark rights. The Court dismisses with leave to amend, as Plaintiff could cure the deficiencies identified herein by including some factual specificity as to whether any inducement claims apply to particular defendants. *See Lopez*, 203 F.3d at 1130 (district court should give leave to amend if the pleading can be cured by the allegation of other facts). The Court otherwise DENIES Defendants' motion to dismiss as to impermissibly lumping defendants together.

### 2. Sufficiency of the Allegations

Defendants also move to dismiss Plaintiffs' claims for failure to state a claim for relief. Mot. at 5-7. In the briefing on this motion, both parties focus on Plaintiff's claims for common law trademark infringement and Lanham Act unfair competition. Neither party separately

addresses Plaintiff's claim for state law unfair competition. *See generally id.*; Opp. Accordingly, the Court first addresses Plaintiff's claims for common law trademark infringement and Lanham Act unfair competition, and then turns to Plaintiff's state law claim for unfair competition.

### a. Common Law Trademark Infringement and Lanham Act Unfair Competition

#### i. Elements of the Causes of Action

Plaintiff asserts common law trademark infringement and Lanham Act unfair competition claims against all Defendants. Both of these claims require Plaintiff to allege: (1) ownership interest in a mark, and (2) the likelihood of the infringing mark being confused with the plaintiff's mark. *See Wood v. Apodaca*, 375 F. Supp. 2d 942, 947-48 (N.D. Cal. 2005) (California common law) (citing *Am. Petrofina v. Petrofina of Cal., Inc.*, 596 F.2d 896, 897 (9th Cir. 1979); *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999) (unfair competition under the Lanham Act). An ownership interest is demonstrated through priority of use. *See Wood*, 375 F. Supp. 2d at 948 (citing *Am. Petrofina*, 596 F.2d at 897 ("[W]hosoever first adopts and uses a trade name, either within or without the state, is its original owner.")); *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996) ("It is axiomatic in trademark law that the standard test of ownership is priority of use.").

Defendants argue that Plaintiff fails to plead either element of common law trademark infringement or Lanham Act unfair competition. According to Defendants, (1) Plaintiff lacks an ownership interest in "MUZOOK" because Defendants have priority of use, and (2) Plaintiff fails to sufficiently allege a likelihood of confusion between "MUZOOK" and Defendants' Muzooka Mark. Mot. at 5-7. Because the Court concludes that Plaintiff has not alleged a protectable ownership interest, the Court need not address the sufficiency of Plaintiff's likelihood of confusion allegations.

#### ii. Ownership of a Mark

Defendants contend that Plaintiff lacks an ownership interest in "MUZOOK" because Plaintiff does not establish use of the Registered or Pending Marks prior to December 2011, when Defendants first used the Muzooka Mark in commerce. Mot. at 7. Plaintiff only cursorily

14

Case No. 15-cv-01720-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

responds to this argument. *See* Opp at 10-11. However, Plaintiff may seek to claim priority of use on two grounds: (1) Plaintiff owns the Registered and Pending Marks, and thus has priority of use dating back to the filing of the applications for registration; and (2) Plaintiff used the Registered and Pending Marks in commerce before Defendants used the Muzooka Mark. The Court addresses these grounds in turn.

First, Plaintiff asserts that priority of use is established by the date that the applications for the Registered and Pending Marks were filed: September 12, 2011. Opp. at 10; Compl. ¶¶ 16, 20.[4] When proving ownership of a mark, registration on the principal register in the PTO is "prima facie evidence . . . of the registrant's ownership of the mark." 15 U.S.C. § 1115(a); *see also Brookfield*, 174 F.3d at 1047. Therefore, once a mark is registered, the registrant is granted a rebuttable presumption of ownership dating back to the filing date of the ITU application for federal registration. *See Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1111 n.3 (9th Cir. 2010) (noting that the date an ITU application was filed "becomes the applicant's constructive-use date"). "This gives the applicant priority of use over anyone who adopts the mark after the constructive-use date." *Id.* (citing 15 U.S.C. § 1057(c)). Accordingly, Plaintiff claims September 12, 2011, the date that the ITU applications for the Registered and Pending Marks were filed, as the date of Plaintiff's first use of the Registered and Pending Marks. Compl. ¶¶ 16, 20.

Defendants first contend that Plaintiff cannot rely on the Registered Mark to demonstrate priority because Plaintiff is not the owner of the Registered Mark. Mot. at 5-6. The Court agrees. In the complaint, Plaintiff asserts that the Registered Mark was assigned to Plaintiff. Compl. ¶ 20;

---

[4] Although Plaintiff does not distinguish between Plaintiff's common law trademark infringement and Lanham Act unfair competition claims, "[r]egistration under the Lanham Act has no effect on the registrant's rights under the common law, which requires a mark to have been used in commerce before a protectable ownership interest in the mark arises." *Dep't of Parks & Recreation for State of Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1125-26 (9th Cir. 2006). Accordingly, the Court considers the impact of registration on priority of use only for Plaintiff's Lanham Act unfair competition claim. By contrast, the Court considers below Plaintiff's use of the Registered and Pending Marks in commerce to determine any priority of use for Plaintiff's Lanham Act unfair competition and common law trademark infringement claims.

15
Case No. 15-cv-01720-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

1   Opp. at 10. However, there is no assignment of the Registered Mark recorded with the PTO. *See*
2   RJN Ex. B. Rather, an individual (Miller) is listed as the owner of the Registered Mark. *Id.*
3   Plaintiff points to no other facts or authority supporting Plaintiff's ownership of the Registered
4   Mark. Although this Court accepts the allegations in the complaint as true for the purposes of a
5   motion to dismiss, *see Manzarek*, 519 F.3d at 1031, the Court need not accept as true allegations
6   contradicted by judicially noticeable facts, *see Shwarz*, 234 F.3d at 435. Because judicially
7   noticeable facts show that Plaintiff does not own the Registered Mark, Plaintiff cannot establish
8   priority of use based on the Registered Mark. *See Shwarz*, 234 F.3d at 435.

9   Defendants next contend that Plaintiff cannot rely on the application for the Pending Mark
10  to claim priority. Mot. at 6-7. Defendants do not dispute Plaintiff's ownership of the Pending
11  Mark, but argue that Plaintiff cannot use the ITU application to establish priority because the
12  Pending Mark is not registered. *Id.* Again, the Court agrees with Defendants. As discussed
13  above, the filing date of an ITU application may be used as the constructive-use date of the mark,
14  which provides priority of use over anyone who later adopts the mark. *See Zombondo Entm't,*
15  *LLC*, 602 F.3d at 1111 n.3 (citing 15 U.S.C. § 1057(c)). However, this constructive-use date is
16  established only once the mark is registered. *See id.*; *see also* 15 U.S.C. § 1057(c) ("*Contingent*
17  *on the registration of a mark* . . . the filing of the application to register such mark shall constitute
18  constructive use of the mark, conferring a right of priority . . . . (emphasis added)); *CreAgri, Inc. v.*
19  *USANA Health Scis., Inc.*, 474 F.3d 626, n.7 (9th Cir. 2007) ("[A]s long as an applicant's mark is
20  eventually granted registration on the principal register . . . the filing of an intent to use application
21  constitutes 'constructive use of the mark, conferring a right of priority, nationwide in effect.'").
22  The Pending Mark has not been registered. RJN Ex. A. Consequently, Plaintiff cannot claim
23  priority rights from the date the ITU application for the Pending Mark was filed. *See Zombondo*
24  *Entm't, LLC*, 602 F.3d at 1111 n.3.

25  Second, other than through registration, Plaintiff may claim priority of use by alleging that
26  Plaintiff used "MUZOOK" in commerce before Defendants used the Muzooka Mark in
27  commerce. *See Dep't of Parks & Recreation for State of Cal. v. Bazaar Del Mundo Inc.*, 448 F.3d

28

1118, 1125-26 (9th Cir. 2006) (discussing use in commerce under California common law); *see also Sengoku Works Ltd.*, 96 F.3d at 1219 (discussing ownership under the Lanham Act and noting that "the party claiming ownership must have been the first to actually use the mark in the sale of goods or services"). Defendants argue that they began using the Muzooka Mark as early as December 2011, and Plaintiff has failed to show that Plaintiff used the Pending Mark before that date. Thus, Defendants say, Plaintiff has no protectable interest in a mark and cannot state a claim for common law trademark infringement or Lanham Act unfair competition.

The Court agrees with Defendants. Having reviewed the complaint, it is not clear when Plaintiff first began to use the Pending Mark in commerce. The complaint alleges only that Plaintiff has "for several years" engaged in promoting the production of creative works and developing the MuZook website. Compl. ¶ 12. Moreover, Plaintiff does not offer a first date of use in opposition to the motion to dismiss. *See generally* Opp. This is insufficient to show that Plaintiff used the Pending Mark in commerce before Defendants used the Muzooka Mark in December 2011. *See* ECF No. 46-1, Ex. D (Muzooka Mark record of registration, which indicates a first use in commerce of December 2011). Accordingly, Plaintiff has not alleged priority of use over Defendants.

In summary, Plaintiff cannot establish a protectable interest in the Registered Mark because Plaintiff is not the owner of the Registered Mark. Additionally, Plaintiff cannot establish a protectable interest in the Pending Mark because Plaintiff has failed to establish priority of use over Defendants, either through the application for the Pending Mark or the actual use in commerce of the Pending Mark. However, as Plaintiff could conceivably plead facts establishing prior use, the Court GRANTS Defendants' motion to dismiss Plaintiff's common law trademark infringement and Lanham Act claims with leave to amend. *See Lopez*, 203 F.3d at 1130 (district court should give leave to amend if the pleading can be cured by the allegation of other facts).

### b. Plaintiff's State Unfair Competition Claim

In addition to common law trademark infringement and Lanham Act unfair competition claims, Plaintiff asserts a claim for "unfair competition" under state law. Compl. ¶¶39-43. It is

not clear from the face of the complaint whether Plaintiff intends to state a claim for common law or statutory unfair competition. *See* Cal. Civ. Code § 17200 (unfair competition); *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008) (discussing common law tort of unfair competition). The complaint does not identify the nature of this claim. *See* Compl. ¶¶39-43. Additionally, the relief requested does not help identify Plaintiff's claim, as Plaintiff seeks only an injunction under this claim. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1489-90 (9th Cir. 1996) (noting compensatory damages are available under the common law tort of unfair competition, but not the unfair competition statute (citing *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1265-66 (1992))).

The parties' briefs on the instant motion do not identify the nature of Plaintiff's unfair competition claim. Neither party indicates whether Plaintiff raises a common law or statutory claim, and neither party addresses this claim separately from the common law trademark infringement and Lanham Act unfair competition claims. Rather, Defendants argue generally that the complaint provides only conclusory allegations, Mot. at 5-7, while Plaintiff generally responds that the allegations are sufficient, Opp. at 5-10. Given that the Court cannot determine what claim Plaintiff alleges, Plaintiff has failed to "state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's unfair competition claim with leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532 (noting that a district court may grant leave to amend when amendment of the complaint could cure the identified deficiencies).

## IV.     CONCLUSION

For the foregoing reasons, the Court rules as follows:

- The Court GRANTS Defendants' motion to dismiss all claims against Ivory Octaves with prejudice;
- The Court DENIES Defendants' motion to dismiss all claims against Wilson and Aldridge due to insufficient service of process, and ORDERS Plaintiff to serve Wilson and Aldridge within thirty (30) days of this Order;

18
Case No. 15-cv-01720-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

- The Court GRANTS Defendants' motion to dismiss all claims with leave to amend to the extent that Plaintiff asserts that Defendants have secondary liability for inducing acts of infringement, and otherwise DENIES Defendants' motion to dismiss all claims for impermissibly lumping Defendants together; and

- The Court GRANTS Defendants' motion to dismiss all claims with leave to amend on the grounds that Plaintiff has not stated a claim for relief.

Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within thirty (30) days of the date of this Order. Failure to meet the thirty-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's claims. Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated:  November 11, 2015

_____
LUCY H. KOH
United States District Judge