UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEBASTIAN BROWN PRODUCTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MUZOOKA, INC., et al.,<br><br>Defendants. | Case No. 15-CV-01720-LHK<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND GRANTING RECONSIDERATION TO ALLEGE NEWLY PRESENTED FACTS**<br><br>Re: Dkt. No. 92 |

Plaintiff Sebastian Brown Productions, LLC ("Plaintiff") sues Defendant Muzooka, Inc. ("Defendant") for unfair competition and trademark infringement under federal and state law. ECF No. 65 (First Amended Complaint, or "FAC"). Before the Court is Plaintiff's motion for leave to file a motion for reconsideration of the Court's March 14, 2016 order dismissing the FAC with prejudice. ECF No. 92 ("Mot."). Having considered the submissions of Plaintiff, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion for leave to file a motion for reconsideration. The Court also GRANTS reconsideration and ORDERS Plaintiff to file a Second Amended Complaint alleging a Lanham Act claim with Plaintiff's newly presented facts.

1

Case No. 15-CV-01720-LHK
ORDER GRANTING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND GRANTING RECONSIDERATION TO ALLEGE NEWLY PRESENTED FACTS

## I. BACKGROUND

In its March 14, 2016 order dismissing the FAC with prejudice, the Court provided a detailed factual background to this action and legal analysis of each of Plaintiff's claims. *Sebastian Brown Prods. LLC v. Muzooka Inc. ("Muzooka II")*, 2016 WL 949004 (N.D. Cal. Mar. 14, 2016), ECF No. 86. Rather than repeat that analysis here, the Court provides a brief factual and procedural background and then considers the issues raised in Plaintiff's motion for leave to file a motion for reconsideration. The Court assumes that the parties and readers of this order have read the Court's March 14, 2016 order on Defendant's motion to dismiss.

The gravamen of Plaintiff's action is that the "Muzooka" trademark owned by Defendant (the "Muzooka Mark") infringes upon Plaintiff's "Muzook" trademark (the "Muzook Mark"). Plaintiff alleges (1) statutory and common law unfair competition; (2) infringement of common law trademark rights; and (3) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff filed the original complaint on January 6, 2014. ECF No. 1.

On November 11, 2015, the Court granted in part and denied in part Defendant's motion to dismiss the original complaint. *Sebastian Brown Prods., LLC v. Muzooka, Inc. ("Muzooka I")*, 143 F. Supp. 3d 1026 (N.D. Cal. 2015), ECF No. 64. As relevant to the instant motion, the Court concluded that Plaintiff failed to state a Lanham Act claim. Specifically, the Court concluded that Plaintiff insufficiently alleged ownership of the Muzook Mark because the U.S. Patent and Trademark Office ("PTO") listed the individual J. Michael Miller ("Miller") as the owner of the Muzook Mark. *Id.* at 1040. Moreover, there was no assignment of the Muzook Mark from Miller to Plaintiff in the record. *Id.* The Court concluded that Plaintiff may be able to allege additional facts showing an ownership interest in the Muzook Mark and dismissed Plaintiff's Lanham Act claim with leave to amend. *Id.* at 1041.

On December 11, 2015, Plaintiff filed the FAC, which included the assignment of the Muzook Mark from Miller to Plaintiff. ECF No. 65. The FAC alleged that Miller had applied for the Muzook Mark under an "intent-to-use" application, which permits an applicant with a bona fide intent to use a mark to effectively reserve the mark before the mark is actually used in

2

commerce. *See Muzooka II*, 2016 WL 949004, at *1. To complete registration of the mark with the PTO, an intent-to-use applicant must file a statement of use indicating that the mark has been used in commerce. *Id.* According to the FAC, Miller assigned the intent-to-use application for the Muzook Mark to Plaintiff before filing a statement of use. *Id.* at *1–2.

On March 14, 2016, the Court granted Defendant's motion to dismiss the FAC. The Court found that Plaintiff failed to allege that the assignment of the Muzook Mark complied with 15 U.S.C. § 1060(a)(1). Analyzing the text of the statute, applicable case law, and legislative history, the Court concluded that § 1060(a)(1) limits the assignment of intent-to-use applications before a statement of use is filed to situations where the intent-to-use application is transferred with both the goodwill accrued by the mark and the "ongoing and existing" business associated with the mark. *See id.* at *8–11. The Court noted that the FAC contained no allegations about Miller's pre-assignment use of the Muzook Mark. *Id.* at *12. Thus, Plaintiff failed to allege that the Muzook Mark had accrued goodwill or been part of an "ongoing and existing" business prior to the assignment. Accordingly, the Court concluded that Plaintiff failed to allege a valid assignment and thus an ownership interest in the Muzook Mark. *Id.* The Court also rejected a procedurally improper declaration by Miller submitted in opposition to the motion to dismiss, which failed to show that the Muzook Mark accrued goodwill before the assignment. *Id.* at *12–13. The Court denied leave to amend. *Id.* at *16.

On April 8, 2016, Plaintiff filed the instant motion for leave to file a motion for reconsideration of the Court's March 14, 2016 order. ECF No. 92.

## II.  LEGAL STANDARD

Pursuant to Civil Local Rule 7-9(a), "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the

3
Case No. 15-CV-01720-LHK
ORDER GRANTING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND GRANTING RECONSIDERATION TO ALLEGE NEWLY PRESENTED FACTS

motion." Civil Local Rule 7-9(b) provides three grounds for reconsideration of an interlocutory order:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil Local Rule 7-9(c) further requires that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." In general, motions for reconsideration should not be frequently made or freely granted. *See generally Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

### III.   DISCUSSION

Plaintiff raises two bases for reconsideration, both of which pertain only to the dismissal of Plaintiff's Lanham Act claim. *See generally* Mot. Specifically, Plaintiff contends that (1) the Court misinterpreted the legal requirements of 15 U.S.C. § 1060(a)(1); and (2) Plaintiff should be granted leave to amend based on newly presented evidence. Plaintiff does not move for reconsideration of the Court's dismissal with prejudice of Plaintiff's claims for common law trademark infringement, and statutory and common law unfair competition.

As to Plaintiff's first argument, Plaintiff disagrees with the Court's interpretation of 15 U.S.C. § 1060(a)(1), without explaining on which ground of Civil Local Rule 7-9(b) the motion is based. The Court finds that Plaintiff fails to demonstrate that reconsideration of the Court's interpretation of § 1060(a)(1) is warranted on any ground. In particular, Plaintiff points to no material difference or change in law from that considered in the order granting Defendant's motion to dismiss. *See* Civ. L.R. 7-9(b)(1)–(2). Nor does Plaintiff identify any "failure by the Court to consider material facts or dispositive legal arguments" presented in the briefing on the

4

Case No. 15-CV-01720-LHK
ORDER GRANTING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND GRANTING RECONSIDERATION TO ALLEGE NEWLY PRESENTED FACTS

motion to dismiss. *Id.* 7-9(b)(3). In the instant motion, Plaintiff relies on the text of § 1060(a)(1) and associated legislative history to argue that the Court should alter its interpretation of § 1060(a)(1). Not only were these arguments available to Plaintiff at the time of the Court's order, the Court considered these issues in detail in the order dismissing the FAC.[1] *See Muzooka II*, 2016 WL 949004, at *8–11. Accordingly, reconsideration on this basis is not warranted.

As to Plaintiff's second argument, Plaintiff contends that a material difference in fact exists from that presented to the Court on the motion to dismiss. Plaintiff does not contest that, under the Court's interpretation of § 1060(a)(1), the allegations in the FAC are insufficient to demonstrate a valid assignment of the Muzook Mark. However, Plaintiff asks the Court to reconsider the denial of leave to amend based on new evidence of Miller's pre-assignment activity with the Muzook Mark. Mot. at 14–15. Plaintiff asserts that Plaintiff did not present this evidence to the Court during the briefing on the motion to dismiss because Plaintiff did not realize the relevance in light of the unsettled state of the law on § 1060(a)(1).

The Court agrees that Plaintiff has shown a material difference in fact from that presented on the motion to dismiss. In support of the instant motion, Plaintiff offers significant evidence that Miller engaged in a variety of activities not presented during the briefing on the motion to dismiss, including signing a written agreement with a recording studio while using the Muzook Mark; contacting "numerous" and "many" people in the recording industry using the Muzook Mark; and discussing the Muzook Mark at the San Francisco MusicTech Summit IX. *See* ECF No. 97. This evidence is relevant to whether the Muzook Mark accrued goodwill prior to Miller's assignment of the Muzook Mark to Plaintiff. While Plaintiff could have presented this evidence during the motion to dismiss, Plaintiff is correct that, at the time of the motion to dismiss, neither the Ninth Circuit nor any district court within the Ninth Circuit had interpreted the legal

---

[1] For example, Plaintiff argues that the word "goodwill" is not in § 1060(a)(1) and thus an intent-to-use application need not be assigned with goodwill. Mot. at 5. Contrary to Plaintiff's statement—and as discussed in the Court's order—§ 1060(a)(1) explicitly provides that an intent-to-use application "shall be assignable with the good will of the business in which the mark is used." *Muzooka II*, 2016 WL 949004, at *8 (quoting 15 U.S.C. § 1060(a)(1)).

requirements of § 1060(a)(1). *Muzooka II*, 2016 WL 949004, at *9. In addition, the Trademark Trial and Appeal Board had issued conflicting authority on the meaning of § 1060(a)(1). *Id.* Thus, the scope of § 1060(a)(1)—and the type of allegations needed to satisfy § 1060(a)(1)—was unclear. In light of the newly presented evidence, the Court is persuaded that granting Plaintiff leave to amend Plaintiff's Lanham Act claim is not necessarily futile. *See id.* at *16 (concluding that granting leave to amend would be futile). For this reason, the Court agrees with Plaintiff that Plaintiff's Lanham Act claim should be dismissed with leave to amend to allege newly presented facts, rather than with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for leave to file a motion for reconsideration and, in the interest of avoiding unnecessary delay, GRANTS reconsideration to allege newly presented facts. The Court VACATES the portion of its earlier order denying leave to amend as to Plaintiff's Lanham Act claim and DISMISSES Plaintiff's Lanham Act claim with leave to amend. Plaintiff shall file a Second Amended Complaint alleging a Lanham Act claim with Plaintiff's newly presented facts within twenty-one (21) days of this order. Failure to meet the twenty-one day deadline to file an amended complaint or failure to cure the deficiencies identified in the Court's March 14, 2016 order will result in a dismissal with prejudice of Plaintiff's Lanham Act claim.

**IT IS SO ORDERED.**

Dated: July 5, 2016

_____
LUCY H. KOH
United States District Judge

Case No. 15-CV-01720-LHK
ORDER GRANTING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND
GRANTING RECONSIDERATION TO ALLEGE NEWLY PRESENTED FACTS