UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SEBASTIAN BROWN PRODUCTIONS LLC,<br><br>       Plaintiff,<br><br>       v.<br><br>MUZOOKA INC.,<br><br>       Defendant. | Case No. 15-CV-01720-LHK<br><br>**ORDER GRANTING MOTION TO WITHDRAW, DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME, AND GRANTING DEFENDANT'S MOTION TO EXTEND THE MEDIATION DEADLINE**<br><br>Re: Dkt. Nos. 114, 115, 119 |

Before the Court are three motions. First, on August 18, 2016, Anthony Handal and the law firm Handal & Morofsky LLC (collectively, "Handal"), counsel for Plaintiff Sebastian Brown Productions LLC ("Plaintiff"), filed a motion to withdraw as counsel. ECF No. 114. Second, Handal filed a motion for an extension of time to file an opposition to Defendant Muzooka Inc.'s ("Defendant") pending motion for judgment on the pleadings. ECF No. 115. The hearing on Defendant's motion for judgment on the pleadings is set for October 13, 2016, at 1:30 p.m. ECF No. 111. Third, on August 22, 2016, Defendant moved to extend the mediation deadline until November 30, 2016. ECF No. 119. Given the time sensitive nature of Plaintiff's motions, Plaintiff's request to waive oral argument, and pursuant to Civil Local Rule 7-1(b), the Court

1

Case No. 15-CV-01720-LHK
ORDER GRANTING MOTION TO WITHDRAW, DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME, AND GRANTING DEFENDANT'S MOTION TO EXTEND THE MEDIATION DEADLINE

deems these motions appropriate for resolution without oral argument. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Handal's motion to withdraw, DENIES Handal's motion for an extension of time, and GRANTS Defendant's motion to extend the mediation deadline.

## I.  BACKGROUND

Plaintiff filed the complaint on January 4, 2014 in the U.S. District Court for the District of Delaware. ECF No. 1. The case was transferred to the Northern District of California on March 30, 2015, ECF No. 27, and reassigned to the undersigned judge on July 8, 2015, ECF No. 42.

On August 8, 2016, Defendant filed a motion for judgment on the pleadings. ECF No. 108. The Court set a hearing date of October 13, 2016 on Defendant's motion. ECF No. 111. The Court has previously granted two motions to dismiss filed by Defendant, but has allowed Plaintiff leave to amend Plaintiff's claim under the Lanham Act. ECF Nos. 64, 86, 99.

On August 16, 2016, Handal moved for a two-month extension of time to file an opposition to Defendant's motion for judgment on the pleadings (the "First Extension Motion"). ECF No. 112. Handal indicated that "[t]he time is needed to enable the parties to negotiate a settlement of their disputes, which both plaintiff and defendants believe may be reasonably expected within the requested time." In a declaration filed in support of the motion, Handal declared under penalty of perjury that "[t]he principals are directly attempting to negotiate a settlement of this action" and "[i]t is believed that it will be a waste of judicial and party resources to proceed with the filing of an opposition to the pending motion under the above circumstances, given the possibility of resolution." ECF No. 112-1. That same day, the Court denied the request for an extension of time, and noted that "Defendant did not stipulate to the extension of time, and it is unclear how far along the parties are in their settlement negotiations." ECF No. 113.

Two days after this Court denied Handal's request for an extension of time, Handal filed the instant motion to withdraw. ECF No. 114. Handal represents that he and Plaintiff have "[i]rreconcilable differences respecting the conduct of the above captioned action" and that

2

Case No. 15-CV-01720-LHK
ORDER GRANTING MOTION TO WITHDRAW, DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME, AND GRANTING DEFENDANT'S MOTION TO EXTEND THE MEDIATION DEADLINE

Plaintiff consents to the withdrawal. *Id.* at 2.

Simultaneous with the motion to withdraw, Handal filed a second motion for an extension of time to file an opposition to Defendant's motion for judgment on the pleadings, this time for only a one-month extension (the "Second Extension Motion"). ECF No. 115. Handal stated that "[t]he time is needed to enable Plaintiff to engage new counsel and respond to the pending motion." In a declaration filed in support of the motion for an extension of time, Handal again stated that Plaintiff and Defendant are attempting to negotiate a settlement. ECF No. 115-1.

On August 19, 2016, the Court requested that Defendant respond to the motion to withdraw and the Second Extension Motion by August 22, 2016, at 5:00 p.m. ECF No. 116. In light of the need to consider Defendant's response to Plaintiff's motion, the Court extended the time for Plaintiff to oppose Defendant's motion for judgment on the pleadings by one day, to August 23, 2016. *Id.*

Defendant opposed both of Plaintiff's motions on August 22, 2016. ECF Nos. 117, 118. Contrary to Handal's representations, Defendant's attorney declares that no "meaningful settlement negations" have occurred since Plaintiff filed the Second Amended Complaint on July 25, 2016, and Defendant "does not currently believe the parties are close to a settlement of this matter." ECF No. 118-1. Defendant also moved to extend the mediation deadline. ECF No. 119. Although Plaintiff's principal, J. Michael Miller ("Miller"), has told Defendant that Plaintiff is interested in settlement, Defendant does believe mediation will be useful prior to the Court's ruling on Defendant's motion for judgment on the pleadings. ECF No. 119-1.

On August 23, 2016, Handal filed a reply and stated that Plaintiff intends to retain substitute counsel.[1] ECF No. 121. Handal also declared that Miller has been negotiating directly with Defendant regarding settlement. ECF No. 121-1.

---

[1] On August 23, 2016, Handal also filed an ex parte motion to allow in camera inspection of certain attorney-client communications supporting the motion to withdraw. ECF No. 122. Because the Court finds that Handal has sufficiently established grounds for withdrawal, the Court DENIES as moot Handal's motion for in camera inspection.

3

Case No. 15-CV-01720-LHK
ORDER GRANTING MOTION TO WITHDRAW, DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME, AND GRANTING DEFENDANT'S MOTION TO EXTEND THE MEDIATION DEADLINE

## II.   LEGAL STANDARD

Pursuant to Civil Local Rule 11-5(b), counsel may not withdraw from an action until relieved by order of the Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case.  Civil Local Rule 11-5(b); *see also Jariwala v. Napolitano*, 2011 WL 703730, at *1 (N.D. Cal. Feb. 21, 2011) ("An attorney may not withdraw as counsel except by leave of court.").  The decision to permit counsel to withdraw is within the sound discretion of the Court.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir.2009).  When addressing a motion to withdraw, "the consent of the client is not dispositive." *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010); *DeLeon v. Wells Fargo Bank, N.A.*, 2010 WL 3565188, at *1 (N.D. Cal. Sept. 13, 2010).  Rather, the court must consider factors such as the reason counsel seeks to withdraw, the possible prejudice caused to the litigants, and the extent to which withdrawal may delay resolution of the case.  *Id.*

Civil Local Rule 11-4(a)(1) requires attorneys practicing in this district to "comply with the standards of professional conduct required of members of the State Bar of California."  Rule 3-700 of the Rules of Professional Conduct of the State Bar of California governs an attorney's withdrawal as counsel.  Under that rule, an attorney may seek to withdraw for several reasons, including that "[t]he member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of . . . good cause for withdrawal."  Cal. R. Prof. Conduct 3-700(C)(6).  Before withdrawing for any reason, an attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules."  Cal. R. Prof. Conduct 3-700(A)(2).

## III.   DISCUSSION

As irreconcilable differences exist between Handal and Plaintiff, and Plaintiff consents to the withdrawal, the Court GRANTS Handal's motion to withdrawal.  *See Moss Landing Commercial Park LLC v. Kaiser Aluminum Corp.*, 2009 WL 764873, at *1 (N.D. Cal. Mar. 19, 2009) (granting motion to withdraw based on irreconcilable differences between counsel and

4

Case No. 15-CV-01720-LHK
ORDER GRANTING MOTION TO WITHDRAW, DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME, AND GRANTING DEFENDANT'S MOTION TO EXTEND THE MEDIATION DEADLINE

client). However, there has been no simultaneous substitution of counsel and Plaintiff, a corporation, can not proceed pro se. *See* Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). Thus, Handal's motion is granted subject to the condition that papers continue to be served on Handal for forwarding purposes unless and until Plaintiff appears through other counsel. Civ. L.R. 11-5(b). Handal is directed to serve a copy of this order on Plaintiff within three (3) days and file proof of service with the Court.

The Court acknowledges that Handal's withdrawal has the potential to prejudice both Plaintiff and Defendant. *See Milliner v. Bock Evans Fin. Counsel, Ltd.*, 2016 WL 409799, at *1 (N.D. Cal. Feb. 3, 2016) (noting that the Court must consider "the possible prejudice that withdrawal may cause to other litigants"); *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (same). As to Plaintiff, Plaintiff's opposition to Defendant's motion for judgment on the pleadings was originally due yesterday, August 22, 2016. Due to the need to provide Defendant the opportunity to respond to Handal's last-minute motion to withdraw, the Court extended Plaintiff's filing deadline to today, August 23, 2016. The consequences of failing to timely oppose Defendant's motion for judgment on the pleadings are serious. The Court has already dismissed Plaintiff's case twice for failing to state a claim. ECF Nos. 64, 86. As the Court has cautioned Plaintiff, the Second Amended Complaint is Plaintiff's last chance to allege a cognizable claim. *See* ECF No. 99 ("Failure to . . . cure the deficiencies identified in the Court's March 14, 2016 order will result in a dismissal with prejudice of Plaintiff's Lanham Act claim."). Should Plaintiff fail to timely oppose Defendant's motion for judgment on the pleadings, the Court will grant the motion and dismiss Plaintiff's case with prejudice.

As to Defendant, any delay prejudices Defendant and requires additional expenditure of resources on claims that have thus far been uncognizable. Moreover, Handal's motion to withdraw reveals an attempt to manipulate the case schedule. Specifically, there was no indication of any issues regarding Handal's representation of Plaintiff on August 16, 2016, when Handal

filed the First Extension Motion.  *See generally* ECF No. 112.  Just two days later—after the Court denied Handal's motion—Handal filed the Second Extension Motion and the instant motion to withdraw.  ECF Nos. 114, 115.  The Second Extension Motion refers to both the motion to withdraw *and* the purported settlement negotiations as grounds for an extension.  These circumstances indicate to the Court that Plaintiff is attempting to gain through the motion to withdraw what Plaintiff did not gain otherwise: an extension of time to file an opposition to Defendant's motion for judgment on the pleadings.

Further, Plaintiff opposes Defendant's request to extend the mediation deadline and has told Defendant that Plaintiff wishes to mediate on August 29, 2016.  ECF No. 119-1, Declaration of Kevin Viau.  Thus, it appears that Plaintiff seeks to force the parties to participate in mediation but, at the same time, avoid filing an opposition to Defendant's motion for judgment on the pleadings.  This again suggests that Plaintiff is attempting to delay the motion for judgment on the pleadings, which may ultimately resolve the case against Plaintiff.  The Court concludes that permitting Plaintiff to manipulate the schedule in this way would unfairly prejudice Defendant.

Despite the potential prejudice, the clear breakdown in Handal and Plaintiff's relationship weighs in favor of withdrawal.  The Court minimizes the potential prejudice to the parties in two ways.  First, the Court extends Plaintiff's deadline to file an opposition to Defendant's motion for judgment on the pleadings to September 12, 2016.  Defendant may file a reply by September 26, 2016. The October 13, 2016 hearing at 1:30 p.m. remains as set.  This extension of time will permit Plaintiff to find new counsel, but will not reward Plaintiff's attempt to unduly delay filing an opposition to Defendant's motion for judgment on the pleadings.   The Court will not grant any further continuances.  If Plaintiff fails to file an opposition to Defendant's motion for judgment on the pleadings by September 12, 2016, the Court will grant the motion with prejudice.  Second, the Court grants Defendant's motion to extend the mediation deadline.  The mediation deadline is hereby extended to November 30, 2016.  The Court will not require Defendant to participate in mediation before the Court rules on Defendant's motion for judgment on the pleadings.

## IV. CONCLUSION

For the foregoing reasons, Handal's motion to withdraw as counsel is GRANTED.  Handal is directed to serve a copy of this order on Plaintiff within three (3) days and file proof of service with the Court.  In addition, the Court DENIES Handal's motion for an extension of time.  However, to minimize prejudice to all parties from Handal's withdraw, the Court sets the following schedule: Plaintiff's opposition to Defendant's motion for judgment on the pleadings shall be filed by September 12, 2016.  Defendant may file a reply by September 26, 2016.  The hearing remains as set for October 13, 2016, at 1:30 p.m.  Lastly, the Court GRANTS Defendant's motion to extend the mediation deadline to November 30, 2016.

**IT IS SO ORDERED.**

Dated: August 23, 2016

_____
LUCY H. KOH
United States District Judge